JUDGE FURMAN



15 CV 03379

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IMS HEALTH TECHNOLOGY
SOLUTIONS FRANCE SASU and
CEGEDIM INC.,

          Plaintiffs,

  - against -

VEEVA SYSTEMS, INC.,

          Defendant.

---

Case No. _____

**COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiffs IMS Health Technology Solutions France SASU and Cegedim, Inc. (collectively, "Plaintiffs" or "IMS"), by and through their attorneys, Quinn Emanuel Urquhart & Sullivan, LLP, bring this Complaint against Defendant Veeva Systems, Inc. ("Defendant" or "Veeva") and allege as follows:

### NATURE OF THE CASE

1.    This is an action for trademark infringement and unfair competition arising from Defendant's intentional and willful infringement of IMS's federally registered and incontestable trademark OneKey, which has been used for over a decade in connection with the sale of healthcare database offerings in the United States. Seeking to trade on the equity of IMS's well-known OneKey trademark, just weeks ago Defendant—a longtime competitor—launched a directly competing healthcare database product under the nearly identical designation "OpenKey." Although Defendant could have selected any name, it chose "OpenKey" to trade on the equity and goodwill of IMS's well-established OneKey brand and to cause confusion in the marketplace. Defendant's willful infringement has caused immediate and irreparable harm to IMS and its OneKey trademark, as well as to consumers of healthcare database offerings. Accordingly, IMS seeks: (i) an injunction prohibiting Defendant from using "OpenKey" or any

trademark confusingly similar to IMS's OneKey trademark; (ii) damages resulting from Defendant's intentional infringement and unfair competition; and (iii) an award of IMS's attorney fees.

## THE PARTIES

2. Plaintiff IMS Health Technology Solutions France SASU ("IMS Health"), previously known as Cegedim Secteur 1-CS1 SASU, is a French corporation with its principal place of business at 137 Rue d'Aguesseau, 92100 Boulogne-Billancourt, France.

3. Plaintiff Cegedim Inc. is a corporation organized and existing under the laws of the state of New Jersey with its principal place of business at 1425 U.S. Highway 206, Bedminster, NJ 07921.

4. Upon information and belief, Defendant Veeva Systems, Inc. is a corporation organized and existing under the laws of the state of Delaware, with places of business at 4637 Chabot Drive, Pleasanton, CA 94588; 2 Radnor Corporate Center, 100 Mastonford Road, Radnor, PA 19087; and 4700 Northwest Parkway, Hilliard, OH 43026.

## JURISDICTION AND VENUE

5. This action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and New York State law. This Court has jurisdiction over the subject matter of the action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b), because the action arises, in part, under 15 U.S.C. §§ 1114 and 1125. Further, this Court has subject matter jurisdiction over IMS's related common law claims pursuant to 28 U.S.C. § 1338 because these claims are substantial and related claims under federal trademark law, and pursuant to 28 U.S.C. § 1367, which codifies the doctrine of supplemental jurisdiction.

6. Venue is proper in this judicial district at least under 28 U.S.C. § 1391(b)(1)-(2), (c), and (d) because a substantial part of the events or omissions giving rise to IMS's claims occurred in this District.

7. This Court has personal jurisdiction over Defendant because Defendant has substantial, continuous, and systematic contacts with the state of New York and has availed itself of the privilege of conducting activities there. In addition, Defendant has distributed, sold, and/or offered for sale infringing products or services in the state of New York, and has partnered with companies located in New York to sell Defendant's infringing products or services, causing injury within the district, this state, and throughout the country.

## THE ONEKEY TRADEMARK

8. IMS is a leading global provider of information and technology services to the healthcare and life sciences industries.

9. On April 1, 2015, IMS acquired certain business and strategic data assets from Cegedim, a global technology and services company specializing in the healthcare and pharmaceutical fields. Among the assets purchased was Cegedim's life science and healthcare professional databases business, which includes services marketed and sold in the United States and around the world under the trademark OneKey (the "OneKey Mark").

10. Since at least 2004, the OneKey Mark has been used in the United States in connection with the sale of interactive database services in the healthcare and pharmaceutical fields. The centerpiece of these offerings is the OneKey database—a reference database of over 13 million healthcare professionals worldwide that is continually updated and meticulously maintained for accuracy by IMS. IMS also offers a suite of OneKey-branded services designed to complement clients' use of the OneKey database, including: OneKey Connect, a global platform that enables easy delivery and integration of OneKey data into customer CRM

3

software; the OneKey Portal, a Web-based data viewer that provides customers with quick and easy access to the OneKey database among other services; and OneKey Digital, a syndicated database of healthcare professionals' social media use. Attached hereto as **Exhibit 1** are examples of marketing materials for these and other services offered under the OneKey Mark.

11. Since 2010, Plaintiffs have spent more than $1,000,000 advertising and promoting the OneKey Mark and OneKey-branded offerings through various marketing channels, including advertisements in print publications, on websites and social media, newsletters, email campaigns, at industry conferences, on its website, and through direct sales.

12. Plaintiffs have earned millions of dollars from the sale of OneKey-branded offerings in the United States.

13. As a result of the long-term and continuous use of the OneKey Mark in connection with healthcare-related database offerings, and the substantial investment of time, effort and money in the brand, the OneKey Mark is well known in the industry, and has come to represent to consumers the highest levels of quality and client service.

14. OneKey is an extremely strong brand in the industry, recognized both in the United States and around the world, as a premier provider of healthcare reference database offerings.

15. To protect the valuable equity and goodwill in the OneKey brand, IMS Health obtained U.S. Trademark Registration No. 3,038,143 for "OneKey" in 2006 (the "OneKey Registration"). The OneKey Registration has since become incontestable. Attached hereto as **Exhibit 2** is a true and correct copy of the OneKey Registration.

## DEFENDANT'S INFRINGING CONDUCT

16. On information and belief, on or around March 24, 2015, many years after the OneKey Mark was first used in the United States, Defendant adopted and began using a *nearly*

*identical* trademark—"OpenKey"—in connection with the sale of its own healthcare database products and services that *directly compete* with IMS's OneKey offerings.

17. Defendant's "OpenKey" designation is confusingly similar to the OneKey Mark:



| **IMS's Mark** | **Defendant's Designation** |

18. Both marks are single words that begin with "O," have an "n" and "e" in the middle, and end with "Key." Indeed, the only difference between the marks is the addition of the letter "p" in the middle of Defendant's designation and the transposition of the "n" and "e." In addition, both marks capitalize the "O" and the "K," making them particularly difficult to differentiate. The similarity between the marks is especially strong when they are considered independently (and not side-by-side), which is how they are encountered by potential consumers in the marketplace.

19. The fact that Defendant sometimes places its corporate name "Veeva" in proximity to the designation "OpenKey" does not eliminate confusion; if anything, it *exacerbates* the confusion because it gives the false impression that Defendant—and not IMS—acquired the well-known OneKey brand from Cegedim, when in fact Defendant is competing with IMS's brand. As a result, IMS's valuable OneKey Mark is likely to be associated in consumer's minds with Defendant and not IMS, causing immediate and irreparable harm to IMS and the valuable OneKey brand.

20. Defendant's "OpenKey" services directly compete with IMS's OneKey offerings. Both companies offer databases of healthcare professionals, as well as services that complement the use of the database. As Defendant noted in its Form 10-K statement filed with the United

States Securities and Exchange Commission on March 31, 2015, "Veeva OpenKey Customer Data and our related data services compete with Cegedim SA, IMS Health Holding, Inc. and many other data providers."

21. Defendant markets its directly competing "OpenKey" services to the same consumers, and through the same channels of trade (including on its website, located at http://www.veeva.com/products/openkey/), as IMS does for its OneKey offerings.

22. Defendant's use of "OpenKey" particularly stands out because no other company in the relevant competitive set uses a trademark similar to the OneKey Mark.

23. Defendant's selection of the "OpenKey" trademark was no accident:  It was a calculated attempt to trade off of the goodwill associated with IMS's valuable OneKey brand. Defendant has long been aware of the prominence and goodwill surrounding the OneKey brand because Defendant has competed directly against it for years.  In addition, upon information and belief, many account executives, engineers, and even the Director of U.S. sales for Defendant's "OpenKey" offerings, previously worked for IMS or Cegedim, and were undoubtedly aware of the OneKey Mark.

24. Defendant has known for nearly a year that IMS intended to acquire the OneKey business from Cegedim.  Defendant's response to the increased competition has been to compete unfairly by adopting the name "OpenKey" which plainly trades on the equity of the OneKey brand.

25. In just the few weeks that Defendant has been using its "OpenKey" designation, there has been confusion in the marketplace.

26.     At a recent trade show in Barcelona, several potential OneKey customers approached the Cegedim booth believing, incorrectly, that they were at the booth offering Defendant's "OpenKey" services.

27.     The very day Defendant launched its "OpenKey" brand, an article in the industry trade publication *Pharmaceutical Commerce* took note of the uncanny similarity of Defendant's "OpenKey" name to Plaintiffs' directly competing OneKey database:

> In unveiling Veeva OpenKey, Veeva is stepping up its head-to-head competition with Cegedim Relationship Management, which markets the OneKey service—a global MDM offering that is already up and running (***draw your own conclusion from the brand names here!***).

Attached hereto as **Exhibit 3** is a true and correct copy of this article.

28.     Even Defendant's own employees are confused.  For example, the LinkedIn profile of Jay Hartley, a software architect employed by Defendant, confuses Defendant's "OpenKey" database for IMS's OneKey database—Mr. Hartley writes in his profile that he is the "[l]ead technical point of content with other *Veeva products* (Vault, *OneKey*)."  Presumably, Mr. Hartley meant to reference Defendant's product "OpenKey," but mistakenly wrote "OneKey" because the trademarks are so similar.  Attached hereto as **Exhibit 4** is a true and correct copy of Mr. Hartley's LinkedIn profile.

29.     Defendant continues to advertise and sell its competing offerings under the infringing "OpenKey" mark without the consent or authorization of IMS, causing immediate and irreparable harm to IMS and the valuable OneKey Mark.

### FIRST CLAIM FOR RELIEF
**(Trademark Infringement, 15 U.S.C. § 1114)**

30.     IMS incorporates by reference the preceding paragraphs.

31.     Defendant's use of the "OpenKey" designation in commerce in connection with the sale, distribution, and advertising of healthcare and pharmaceutical database offerings is

7

likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of Defendant with IMS and/or its OneKey Mark. Defendant's actions therefore constitute infringement of IMS's registered OneKey Mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

32. Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion, mistake, and deception among members of the trade and among consumers and the public at large.

33. Upon information and belief, Defendant's conduct is willful, deliberate, in bad faith and undertaken with knowledge of IMS's prior rights in the OneKey Mark, and with full knowledge that Defendant has no right, license or authority to use IMS's OneKey Mark or any confusingly similar variation thereof.

34. The likelihood of confusion, mistake, and deception caused by Defendant's use of the "OpenKey" designation in connection with healthcare and pharmaceutical database offerings is causing irreparable harm to the goodwill and reputation built up in the OneKey Mark. Unless enjoined by this Court, Defendant's use of the "OpenKey" mark will continue to both damage IMS and to deceive the public. IMS has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
**(Federal Unfair Competition, 15 U.S.C. § 1125(a))**

35. IMS incorporates by reference the preceding paragraphs.

36. Defendant's use of the "OpenKey" designation in commerce is likely to cause confusion, mistake, and deception by creating the false and misleading impression that Defendant's offerings are the same ones offered by IMS under its OneKey Mark, or are affiliated, connected, or associated with IMS and/or its OneKey-branded offerings; or that Defendant's "OpenKey" offerings are being sold with the endorsement or approval of IMS.

37. Defendant has made false or misleading descriptions of fact, false or misleading representations of fact, and/or false designations of origin of its goods in violation of 15 U.S.C. § 1125(a) by using the "OpenKey" designation in connection with its goods.

38. Upon information and belief, Defendant's conduct is willful, deliberate, in bad faith and undertaken with knowledge of IMS's prior rights in the OneKey Mark, and with full knowledge that Defendant has no right, license or authority to use IMS's OneKey Mark or any confusingly similar variation thereof.

39. Defendant's selection and adoption of the "OpenKey" designation is intended to reap the benefit of the goodwill built up in the OneKey Mark, and constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion, mistake, and deception of members of the trade and the public.

41. Defendant's conduct has caused and is causing irreparable injury to IMS and, unless enjoined by this Court, will continue to both damage IMS and to deceive the public. IMS has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
**(Common Law Trademark Infringement and Unfair Competition)**

42. IMS incorporates by reference the preceding paragraphs.

43. Defendant is using the "OpenKey" designation in a manner that is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of Defendant with IMS and its OneKey Mark, and as to the origin, sponsorship, and approval of Defendant's goods by IMS.

44. Defendant's acts constitute common law trademark infringement and unfair competition and have created and will continue to create a likelihood of confusion thereby causing irreparable harm to IMS and its OneKey Mark, including without limitation, injury to IMS's reputation and business identity, resulting in lost revenue, profits and diminished goodwill and reputation of the OneKey Mark.  IMS has no adequate remedy at law for this injury.

45. Upon information and belief, Defendant's conduct is willful, deliberate, in bad faith and undertaken with knowledge of IMS's prior rights in the OneKey Mark, and with full knowledge that Defendant has no right, license or authority to use IMS's OneKey Mark or any confusingly similar variation thereof.

46. Defendant's conduct has caused and is causing irreparable injury to IMS and, unless enjoined by this Court, will continue to both damage IMS and deceive the public.  IMS has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
**(Deceptive Business Practices Under New York General Business Law § 349)**

47. IMS incorporates by reference the preceding paragraphs.

48. By adopting and using a mark that is virtually identical to IMS's OneKey Mark, Defendant has engaged in activities that deceive or have a tendency to deceive a material segment of the public to which Defendant directs its marketing activities.

49. Upon information and belief, through such deceptive acts, Defendant has engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers and harm to the public in the state of New York.

50. Upon information and belief, Defendant's conduct is willful and in knowing disregard of IMS's rights.

51. Based on the foregoing, Defendant has engaged in deceptive acts or practices in the conduct of its business in violation of Section 349 of the General Business Law of the State of New York.

52. Defendant's conduct has caused and is causing irreparable injury to IMS and unless enjoined by this Court, will continue to both damage IMS and deceive the public. IMS has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
**(Dilution Under New York General Business Law § 360-l)**

53. IMS incorporates by reference the preceding paragraphs.

54. The OneKey Mark is inherently distinctive and, as a result of extensive promotion and use over many years, the OneKey Mark is strong, has become well known to consumers, and has acquired secondary meaning, and is highly distinctive.

55. Defendant's use of the "OpenKey" designation is likely to cause dilution of IMS's OneKey Mark by lessening its distinctive quality and/or by tarnishing its meaning, thus making it likely that IMS's OneKey Mark will lose its ability to serve as a unique identifier of IMS's offerings.

56. Upon information and belief, Defendant's conduct is willful and in knowing disregard of IMS's rights.

57. Based on the foregoing, Defendant has engaged in dilution in violation of Section 360-l of the General Business Law of the State of New York.

58. Defendant's conduct has caused and is causing irreparable injury to IMS and unless enjoined by this Court, will continue to both damage IMS and to deceive the public. IMS has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

59. That Defendant, its officers, directors, agents, servants, affiliates, employees, successors, assigns, parent, and subsidiary companies and representatives, and all those acting in privity or in concert or participation with Defendant, be preliminarily and permanently enjoined and restrained from directly or indirectly:

    a.    Affixing, applying, annexing, or using, in connection with the advertising, sale, or offering for sale any products or services bearing the "OpenKey" designation, or any designations confusingly similar thereto, or any other marks that might tend to falsely describe or represent Defendant's products or services as those of IMS;

    b.    Performing any actions or using any trademarks, service marks, or other words, names, titles, designs, or logos that are likely to cause confusion, to cause mistake, to deceive, or to otherwise mislead the trade or public into believing that Defendant's products or services are sponsored by, affiliated with, or in any way connected to IMS or its OneKey Mark;

    c.    Using or seeking to register any trademarks, service marks, or other words, names, titles, designs, or logos or engaging in any other conduct that creates a likelihood of injury to the business reputation of IMS or a likelihood of misappropriating IMS's distinctive OneKey Mark and the goodwill associated therewith;

    d.    Engaging in any trade practices, including those complained of herein, which unfairly compete with or injure IMS, its business, or the goodwill appertaining thereto;

  e. Taking any action that falsely suggests or implies that IMS authorizes or endorses Defendant or its products or services, or suggests or implies that Defendant is in any way connected to or associated with IMS or its OneKey Mark; and

  f. Assisting any third party or requesting any third party to undertake any actions prohibited in subparagraphs (a)-(e) above.

60. That Defendant be ordered to destroy all marketing, advertising, and promotional materials that display or otherwise feature the "OpenKey" designation, or any designations confusingly similar thereto.

61. That Defendant be ordered to disable the portions of its website located at http://www.veeva.com that display the "OpenKey" designation until such time as all uses of the "OpenKey" designation, or any designations confusingly similar thereto, have been removed.

62. That IMS be awarded all damages they have sustained by reason of Defendant's wrongful acts, and that such damages be trebled to the extent allowed by law, including pursuant to 15 U.S.C. § 1117.

63. That an accounting and disgorgement be ordered, that IMS be awarded all gains, profits, and advantages derived by Defendant from its wrongful acts, and that the amount of any accounting be trebled to the extent allowed by law.

64. That Defendant be required to compensate IMS for all of IMS's litigation expenses, including reasonable attorneys' fees and costs, including pursuant to 15 U.S.C. § 1117.

65. That the Court grant IMS such other relief as it deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by jury of all issues so triable that are raised herein or which hereinafter may be raised in this action.

DATED:  April 30, 2015

QUINN EMANUEL URQUHART
& SULLIVAN, LLP

_____
Robert L. Raskopf
robertraskopf@quinnemanuel.com
Todd Anten
toddanten@quinnemanuel.com
Jessica A. Rose
jessicarose@quinnemanuel.com

51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100

*Attorneys for Plaintiffs IMS Health Technology Solutions France SAS and Cegedim Inc.*